UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

ROGER STUBBS AND KIMBERLY STUBBS                                    PLAINTIFFS

V.                                                     CIVIL ACTION NO. 3:07cv688 DPJ-JCS

UNITED STATES OF AMERICA, ET AL.                                    DEFENDANTS

ORDER

This matter is before the Court on Defendant Enterprise Leasing Company-South Central, Inc.'s motion for summary judgment [56], and Defendant United States of America's motion for summary judgment [58]. The Court, having considered the parties' submissions and applicable law, finds that both motions are well-taken and due to be granted.

I.     **Facts and Procedural History**

On April 25, 2006, Scott Mowry, a United States Postal Service employee, leased an automobile from Defendant Enterprise Leasing Company-South Central, Inc. ("Enterprise") in Jackson, Mississippi. While driving the rental vehicle later that day, Mowry collided with the vehicle of Plaintiffs Roger and Kimberly Stubbs. Plaintiffs allegedly sustained injuries as a result of the accident.

Plaintiffs filed the current action in November 2007, naming the United States of America (the "government"), Enterprise, and various unidentified parties as defendants.[1] They contend that the government is liable for Mowry's alleged negligence under the Federal Tort Claims Act (FTCA) and that Enterprise negligently leased the vehicle to Mowry.[2] The

---

[1] The original complaint also named Mowry as a defendant, but the amended complaint, filed one day after the original complaint, omits Mowry from the list of defendants.

[2] Although Plaintiffs' primary claim is negligent entrustment, the Complaint alleges that Enterprise is also liable for "[n]egligently leasing the vehicle" and "[a]ny and all other negligent

government has moved for summary judgment in its favor with respect to Plaintiffs' claims for pre-judgment interest and punitive damages. Enterprise seeks summary judgment as to all claims asserted against it by Plaintiffs. Plaintiff has responded to each motion, and the motions are now ripe for consideration.

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party must then go beyond the pleadings and "identify specific evidence in the record and . . . articulate the precise manner in which that evidence supports his or her claim." *Fuentes v. Postmaster Gen. of USPS*, No. 07-10426, 2008 WL 64673, at *3 (5th Cir. Jan. 7, 2008) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

---

acts or omissions." Complaint ¶ 18.

B.      Enterprise's Motion for Summary Judgment

Enterprise contends that Plaintiff's negligent entrustment claim fails as a matter of law, as it had no reason to suspect Mowry was incompetent.[3] Plaintiffs have produced no evidence demonstrating that Mowry was an incompetent driver or that Enterprise was aware of Mowry's driving record prior to leasing the car. Plaintiffs contend, however, that Enterprise can be held negligent per se for its alleged failure to inspect Mowry's driver's license and record his license number in violation of Mississippi Code Annotated Section 63-1-67 (2004).[4]

In support of its motion, Enterprise submitted a redacted copy of the rental agreement that protected Mowry's personal information. Relying on the redacted version, Plaintiffs argue that Shameka Bennett, an Enterprise employee, failed to ask Mowry for proof of a valid driver's license prior to leasing the vehicle. In response, Enterprise provided an unredacted version of the agreement, which reflects that Bennett requested Mowry's Georgia driver's license and recorded the number on the rental agreement. Accordingly, the Court finds that Enterprise complied with the requirements of the statute. *See Cousin v. Enterprise Leasing Co.-South Cent., Inc.*, 948 So.

---

[3] The parties agree that Mississippi law applies to the negligent entrustment claim. *See Lowe v. Hearst Commc'ns, Inc.*, 487 F.3d 246, 252 n.4 (5th Cir. 2007) (noting that a federal court sitting in diversity applies the law of the state in which it sits). To bring a negligent entrustment claim, the Mississippi Supreme Court requires that the claimant prove the elements of Restatement (Second) of Torts § 390:
> One who supplies directly or through a third person a chattel for use of another whom the supplier knows or has reason to know to be likely because of his youth, inexperience, or otherwise, to use it in a manner involving unreasonable risk of physical harm to himself and others whom the supplier should expect to share in or be endangered by its use, is subject to liability for physical harm resulting to them.

*Laurel Yamaha, Inc. v. Freeman*, 956 So.2d 897, 902-03 (Miss. 2007).

[4] The statute prohibits renting a motor vehicle to a nonresident who is not "duly licensed under the laws of the state . . . of his residence" and requires the person providing the vehicle to "inspect[] the license of the person" for the purpose of verifying the person's signature. *Id.*

2d 1287, 1292 (Miss. 2007) (finding that Section 63-1-67 only requires proof of a facially valid driver's license). Because Plaintiffs have not identified specific evidence suggesting that Enterprise acted negligently in leasing the vehicle to Mowry, the Court finds that Enterprise's motion for summary judgment should be granted.

C. Government's Motion for Summary Judgment

The government has moved for summary judgment with respect to Plaintiffs' claims for punitive damages and pre-judgment interest. 28 U.S.C. § 2674 provides that the government can be held liable for tort claims but "shall not be liable for interest prior to judgment or for punitive damages." (2006). Plaintiffs concede that their claims for punitive damages and pre-judgment interest cannot be sustained against the Government. Therefore, the government is entitled to judgment as a matter of law on Plaintiffs' claims for punitive damages and pre-judgment interest.

III. Conclusion

For the above-stated reasons, the Court finds that Enterprise's motion for summary judgment is granted, and all claims against Enterprise are therefore dismissed. The Government's summary judgment motion is also due to be granted. Although Plaintiff may not recover punitive damages and pre-judgment interest from the Government, their negligence claims against the Government remain.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2009.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE